UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **MICHELLE LAURIA,** | ) | |
| Plaintiff | ) | |
| | ) | |
| Vs. | ) | Civ. Action No.: |
| | ) | |
| **THE COURAGEOUS SAILING** | ) | |
| **CENTER OF BOSTON, INC.,** | ) | |
| **MARK STREITFIELD &** | ) | |
| **THOMAZ MARCONDES** | ) | |
| | ) | |
| Defendant | ) | |

## PLAINTIFF'S COMPLAINT

Now comes the Plaintiff, Michelle Lauria, and for her Complaint against the Defendants, The Courageous Sailing Center of Boston, Inc., Mark Streitfield and Thomaz Marcondes states as follows:

### THE PARTIES

1. The Plaintiff, Michelle Lauria, is a resident of Norfolk, Massachusetts.

2. The Defendant, The Courageous Sailing Center of Boston, Inc., is a non-profit corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in Charlestown, Massachusetts.

3. The Defendant, Mark Streitfield, is a resident of Arlington, Massachusetts.

4. The Defendant, Thomaz Marcondes, is a resident of Palm Beach Garden, Florida.

## JURISDICTION

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

6. This is an admiralty claim within the meaning of Fed.R.Civ.P. 9(h).

## GENERAL FACTUAL ALLEGATONS

7. On or about May 21, 2009, the Plaintiff, Michelle Lauria was a crew member lawfully aboard a sailboat (hereinafter referred to as "sailboat #1").

8. On or about May 21, 2009, Mark Streitfield, an agent, servant and/or employee of the Defendant, The Courageous Sailing Center of Boston, Inc., was skippering sailboat #1.

9. On or about May 21, 2009, Thomaz Marcondes, an agent, servant and/or employee of the Defendant, The Courageous Sailing Center of Boston, Inc., was skippering a different sailboat (hereinafter referred to as "sailboat #2").

10. On or about May 21, 2009, the Defendant, The Courageous Sailing Center of Boston, Inc. owned sailboat #1.

11. On or about May 21, 2009, the Defendant, The Courageous Sailing Center of Boston, Inc. owned sailboat #2.

12. The Defendant, The Courageous Sailing Center of Boston, Inc., chartered the sailboat from some other person or entity such that on or about May 21, 2009 the Defendant, The Courageous Sailing Center of Boston, Inc., was the owner pro hac vice of sailboat #1.

13. The Defendant, The Courageous Sailing Center of Boston, Inc., chartered the sailboat from some other person or entity such that on or about May 21, 2009 the Defendant, The Courageous Sailing Center of Boston, Inc., was the owner pro hac vice of sailboat #2.

14. On or about May 21, 2009, the Defendant, The Courageous Sailing Center of Boston, Inc. operated sailboat #1.

15. On or about May 21, 2009, the Defendant, The Courageous Sailing Center of Boston, Inc. operated sailboat #2.

16. On or about May 21, 2009, the Defendant, The Courageous Sailing Center of Boston, Inc. controlled sailboat #1.

17. On or about May 21, 2009, the Defendant, The Courageous Sailing Center of Boston, Inc. controlled sailboat #2.

18. On or about May 21, 2009, sailboat #1 was owned by Mark Streitfield.

19. The Defendant, Mark Streitfield, chartered the sailboat from some other person or entity such that on or about May 21, 2009 the Defendant, Mark Streitfield was the owner pro hac vice of sailboat #1.

20. On or about May 21, 2009, sailboat #1 was skippered by Mark Streitfield.

21. On or about May 21, 2009, sailboat #1 was operated by Mark Streitfield.

22. On or about May 21, 2009, sailboat #1 was controlled by Mark Streitfield.

23. On or about May 21, 2009, sailboat #2 was owned by Thomaz Marcondes.

24. The Defendant, Thomaz Marcondes, chartered the sailboat from some other person or entity such that on or about May 21, 2009 the Defendant, Thomaz Marcondes was the owner pro hac vice of sailboat #2.

25. On or about May 21, 2009, sailboat #2 was skippered by Thomaz Marcondes.

26. On or about May 21, 2009, sailboat #2 was operated by Thomaz Marcondes.

27. On or about May 21, 2009, sailboat #2 was controlled by Thomaz Marcondes.

28. On or about May 21, 2009, sailboat #1 and sailboat #2 were in navigable waters.

29. On or about May 21, 2009, sailboat #1 and sailboat #2 collided.

30. On or about May 21, 2009, while lawfully aboard sailboat #1 as a result of the collision, the Plaintiff, Michelle Lauria, sustained personal injuries.

31. Prior to and at the time she sustained the above-mentioned personal injuries, the Plaintiff, Michelle Lauria was exercising due care.

## COUNT I

## LAURIA V. THE COURAGEOUS SAILING CENTER OF BOSTON, INC.

### (GENERAL MARITIME LAW NEGLIGENCE)

32. The Plaintiff reiterates the allegations set forth in paragraphs 1 through 31 above.

33. The personal injuries sustained by the Plaintiff were not caused by any fault on her part, but were caused by the negligence of the Defendant.

34. As a result of said injuries, the Plaintiff has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

35. This cause of action is brought under the General Maritime Law.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the amount of $500,000.00, together with interest and costs.

## COUNT II

## LAURIA V. STREITFIELD

### (GENERAL MARITIME LAW NEGLIGENCE)

36. The Plaintiff reiterates the allegations set forth in paragraphs 1 through 31 above.

37. The personal injuries sustained by the Plaintiff were not caused by any fault on her part, but were caused by the negligence of the Defendant.

38. As a result of said injuries, the Plaintiff has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

39. This cause of action is brought under the General Maritime Law.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the amount of $500,000.00, together with interest and costs.

## COUNT III

## LAURIA V. MARCONDES

### (GENERAL MARITIME LAW NEGLIGENCE)

40. The Plaintiff reiterates the allegations set forth in paragraphs 1 through 31 above.

41. The personal injuries sustained by the Plaintiff were not caused by any fault on her part, but were caused by the negligence of the Defendant.

42. As a result of said injuries, the Plaintiff has suffered pain of body and anguish of mind, lost time from her usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

43. This cause of action is brought under the General Maritime Law.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the amount of $500,000.00, together with interest and costs.

Respectfully submitted,
for the Plaintiff

/s/ Carolyn M. Latti
Carolyn M. Latti
BBO # 567394
Jonathan Gilzean
BBO# 679164
Latti &Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: May 15, 2012